985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buster CHANDLER, Plaintiff-Appellant,
v.
James E. COOK, Magistrate Judge; Henry R. Wilhoit, Judge,
Defendants-Appellees.
 No. 92-6064.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Buster Chandler, pro se, appeals from a magistrate judge's order denying a motion for a change of venue. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his pleading, which Chandler has captioned "Petition to Cheif [sic] United States District Judge for a Rule 28.1404 a Change of Venue from the Easten [sic] District to the Westen [sic] District Court of Kentucky at Louisville," Chandler requests that the district court transfer Civil Action No. 92-100, Chandler v. Keller, and other cases on the basis that the Eastern District Court judges have a personal bias against blacks, and that, because he is black, he was denied his constitutional right of due process. Chandler has filed several actions in the Eastern District, all of which (including Chandler v. Keller ) have been dismissed. We gather that Chandler wants to have one or more of these actions transferred under 28 U.S.C. § 1404, and that he wants future proceedings transferred under the same section.
 
 
 3
 Upon consideration, we conclude that we are without jurisdiction to resolve the merits of Chandler's appeal. As the magistrate judge pointed out, the request for a change of venue is moot insofar as it relates to cases that have been closed. Insofar as it relates to cases that have not yet been filed, the request is not sufficient to invoke the judicial power conferred on the federal courts under Article III of the Constitution. The judicial power extends only to actual, live cases, and not to cases that may arise in the future. The absence of a present case or controversy makes it unnecessary for us to decide whether the order of the magistrate judge would, under other circumstances, be appealable under any of the statutes in which Congress has defined the jurisdiction of the courts of appeal.
 
 
 4
 Accordingly, Chandler's appeal is dismissed. Rule 9(b)(3), Rules of the Sixth Circuit.